# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4305

_____

Paul Batsche; Scott Gale; Jeff Huberty; Doug Jones; Maggy Kottman; Gary
Thaden; Tom Vail, as Trustees of the Twin City Pipe Trades Welfare Fund;
Michael Tieva

*Plaintiffs - Appellants*

v.

Thomas E. Price, in his official capacity as Secretary for the United States
Department of Health and Human Services

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 18, 2017
Filed: November 27, 2017
[Published]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Appellants are trustees of the Twin City Pipe Trades Welfare Fund, which
operates a self-insured, self-administered group health plan.  In December 2014, the

Fund paid a $762,663.90 fee to the U.S. Department of Health and Human Services, under the transitional reinsurance program in the Patient Protection and Affordable Care Act (ACA). *See* 42 U.S.C. § 18061(b)(1)(A) ("health insurance issuers, and third party administrators on behalf of group health plans, are required to make payments to an applicable reinsurance entity for any plan year beginning in the 3-year period beginning January 1, 2014"). In January 2015, the Fund sued the Department, alleging the fee does not apply to self-insured, self-administered plans. The Fund asked the court to declare that it was not required to "submit a Transitional Reinsurance Fee for benefit year 2014" and was "entitled to reimbursement of its mistaken payment to the Department . . . ." It sought "a judgment against the Defendant in the amount of $762,663.90." The district court[1] dismissed for lack of subject matter jurisdiction. *Batsche v. Burwell*, 210 F. Supp. 3d 1130, 1137 (D. Minn. 2016). The Fund appeals.

Subject-matter jurisdiction is a question of law this court reviews de novo. *ABF Freight Sys, Inc. v. International Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). The plaintiff bears the burden of establishing jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The Fund argues the Administrative Procedure Act (APA) waives the Department's sovereign immunity. Under the APA, sovereign immunity is waived if the claimant challenges a "final agency action," seeks relief "other than money damages," and has "no other adequate remedy in a court." 5 U.S.C. §§ 702, 704. The district court found the APA does not waive sovereign immunity because the "'true nature' of this lawsuit is a claim for money damages." *Batsche*, 210 F. Supp. 3d at 1135. Even without sovereign immunity, the court found "the Tucker Act would vest exclusive jurisdiction over this lawsuit in the United States Court of Federal Claims." *Id.* at 1136, *citing* 28 U.S.C. § 1491(a)(1); *State of Minn. by Noot v. Heckler*, 718 F.2d 852, 857 (8th Cir. 1983) ("The exclusive

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

-2-

jurisdiction of the [Court of Federal Claims] applies to monetary claims in excess of $10,000 against the United States and its agencies.").

The district court did not err in its thorough and well-reasoned decision. Further discussion of the matter would have no precedential value. *See* 8th Cir. R. 47B.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____